IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICKEY L. BRANCH,                                          CV. 11-1319-SI

        Petitioner,                                      ORDER

  v.

JEFFREY THOMAS,

        Respondent.

SIMON, District Judge.

    Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241. In addition to the petition (#1), Petitioner has filed a Motion for Temporary Restraining Order and Preliminary Injunction (#2), and Motion for Appointment of Counsel (#4). For the reasons set forth below Petitioner is given leave to file an amended petition, and his motions are DENIED.

    The petition and motions Petitioner filed with the Court were filed on paper that has been cut down and does not comply with LR 10-1(g). Furthermore, significant variance in the signatures on the petition and motions filed in this case prompts the Court to question their validity. The Court directs Petitioner's attention

1 - ORDER

to the following rules of civil procedure with which he must comply: (1) Federal Rules of Civil Procedure (FRCP), Rule 11(a), which specifies in relevant part:

> Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - *or by a party personally if the party is unrepresented.*

(Emphasis added.); (3) Local Rule 81-1(a) - [Habeas Corpus] Petitions Generally, which specifies motions pursuant to 28 U.S.C. § 2241 by federal prisoners "must be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner." Read in conjunction with FRCP 11(a), a person authorized to sign for the petitioner is an attorney of record; an unrepresented party must sign personally. The use of /s/ in conventionally filed documents does not comply with the rules.

The Court also directs Petitioner to the well established principle that although a non-attorney may appear on his own behalf, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987; *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981). Petitioner is advised that further failure to comply with the rules of civil procedure will result in pleadings, motions, and papers being stricken from the record.

Should Petitioner wish to proceed with this habeas action, he must file an amended petition on paper that complies with L.R. 10-

2 - ORDER

1(g) within 30 days of this order. Any motions Petitioner wishes to pursue must similarly comply with L.R. 10-1(g). Furthermore, in light of the variances in signatures submitted to date, Petitioner is ORDERED to submit a notarized signature sample with his amended petition. Petitioner is advised that a failure to file an amended petition or to comply with filing requirements will result in the dismissal of this action.

    IT IS SO ORDERED.

    DATED this 23rd day of November, 2011.

                                     Michael H. Simon
                                     United States District Judge

3 - ORDER