IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICKEY L. BRANCH,                                          CV. 11-1319-SI

        Petitioner,                                            ORDER

  v.

J.E. THOMAS,

        Respondent.

SIMON, District Judge.

    This 28 U.S.C. § 2241 action, is before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (#23). Petitioner seeks injunctive relief requiring Respondent to: (1) lift telephone restrictions; (2) lift e-mail restrictions; (3) lift visiting restrictions; and (4) reinstate good time credit, until this case is resolved. Petitioner further asks the Court "to prevent Respondent from imposing any other sanctions until the case is resolved."

1 - ORDER

The Court has jurisdiction in this case based on Petitioner's allegations that his rights to due process were violated in the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(jurisdiction exists under § 2241 for reviewing challenge to execution of federal sentence). However, for the reasons set forth below, Petitioner's motion for injunctive relief is DENIED.

### STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is *likely* to succeed on the merits, [2] that he is *likely* to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.*, at 20 (emphasis added); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In the Ninth Circuit, assuming the other elements of the *Winter* test are met, a "sliding scale" approach may be taken and "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies*, 632 F.3d at 1131-35 ("'serious questions'

2 - ORDER

approach survives *Winter* when applied as part of the four-element *Winter* test").

## DISCUSSION

On December 20, 2011, Petitioner filed an amended petition alleging the Bureau of Prisons ("BOP") violated his rights to due process when issuing incident reports on October 6, 2010, and September 23, 2011, and in imposing associated disciplinary sanctions. (#9.) Petitioner claims there is insufficient evidence to support the charges against him, and that the BOP failed to ensure minimum due process as required under *Wolff v. McDonnell*, 418 U.S. 539 (1974). (*Id.* at 8-9.) Petitioner argues that because a fellow inmate was granted injunctive relief, he too is entitled to relief. (#23, at 3.)

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally not appropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. *University of Texas v. Camenisch*, 451 U.S. 391, 395 (1981); *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("the function of a preliminary injunction is to preserve the *status quo ad litem*"); see also *Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored). The injunctive relief

3 - ORDER

that Petitioner seeks changes the status of the parties and would, in essence, constitute a judgment on the merits of one or more of his claims challenging BOP disciplinary action. It is therefore inappropriate. Moreover, Petitioner has not shown that he is likely to succeed on the merits of the claims tied to the injunctive relief he seeks. *Winter*, 555 U.S. at 22 (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); *see also Ramirez v. Galaza*, 334 F.3d 850, 857-59 (9th Cir. 2003) (challenge to conditions of confinement proper under § 1983; challenge to disciplinary measures in habeas action proper only where expungement of disciplinary action is likely to impact the length of inmate's sentence); 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn). Nor has Petitioner shown he is likely to suffer irreparable harm absent injunctive relief. Petitioner's is not projected to be released until August 2018. (#20, Attach. 2 at 1.)

## CONCLUSION

Based on the foregoing, Petitioner's Motion [23] is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of March, 2012.

_____
Michael H. Simon
United States District Judge

4 - ORDER